**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTUAN BURRESS-EL,**

      **Plaintiff,**

                             **Civil Action 2:18-cv-98**
   **v.**                     **Judge Algenon L. Marbley**
                             **Magistrate Judge Chelsey M. Vascura**

**JOHN BORN,** *et al.,*

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Antuan Burress-El, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing any state-law claims in state court.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which

provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
> > \*        \*        \*
>
> > (B) the action or appeal--
>
> > > (i) is frivolous or malicious;
>
> > > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on

a host of considerations, including common sense and the strength of competing explanations for

the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the

Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by

lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010)

(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has

limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen.

Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)).

Finally, when the face of the complaint provides no basis for federal jurisdiction, the

Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28

U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Based upon the case caption, it appears that Plaintiff seeks to bring this action against officials at the Ohio Department of Public Safety and the Ohio Bureau of Motor Vehicles. The entirety of Plaintiff's "Statement of Claim" in his Amended Complaint provides as follows:

1) i, a man: claim Deprivation of 'Inalieable Rights' [FORGERY] against me, my person and my property; By O.D.P.S., John Born, O.B.M.V., Donald Petit also referred to as "wrongdoers" in his said "court" case.

2) No, law exist that binds "i" to the wrongdoers;

3) The casual agents of the Deprivation [FORGERY] comes by way of its use of commercial contractual instrument;

4) The Deprivation of I.R. [FORGERY] did and does harm and injury to me, my person, and my property;

5) The commencement of the wrong and harm began in April 2001;

6) i require delivery of all said property be under my jurisdiction no later than February 15, 2018;

7) i require compensation for the initial and continual Deprivation of I.R. [FORGERY] upon me, my person, and my property;

8) I have placed a charge of $1.5 million for the wrongdoers: $250,000.00 per wrongdoer, $250,000.00 per pecuniary damages, $250,000.00 per mental anguish;

9) The wrong and harm continues and the Failure in restoration of property to this day, January 30, 2018;

10) i, say here, and will verify in open court, that all herein be true

11) OHIO SUPREME COURT (TRAFFIC RULE 13) SEC (B) (1)(2)(3)(4)(5)(6)(7)(8)(9). Laws having Authority over (O.R.CODES).

(Pl.'s Compl., ECF No. 2 at p. 3 (all punctuation and information in brackets in original).)  In the relief section of his Amended Complaint, Plaintiff says that he requires "a common law court to face [his] accusers for any crimes or injuries done to them."  (*Id*. at p. 4.)  He also asks the Court to take notice of claims made against him and to award him $1.5 million for "the initial and continual injuries and harm" that he and his property suffered.  On the civil cover sheet, under the section asking for a brief description of his cause of action, Plaintiff states "FORGERY [DEPRIVATION OF INALIABLE RIGHTS]."  (ECF No. 2 at p. 7.)

Plaintiff's Amended Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated Plaintiff's rights.  Instead, Plaintiff's Amended Complaint consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Iqbal*,129 S.Ct. at 1949.  These pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]" fail to satisfy the basic federal pleading requirements set forth in Rule 8(a).  *Twombly*, 550 U.S. at 555.

Moreover, the allegations Plaintiff sets forth in his Amended Complaint are so nonsensical as to render his Amended Complaint frivolous.  A claim is frivolous if it lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations.  *Id*. at 327–28.  This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible."  *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).  Here, Plaintiff's generic assertion that Defendants violated his "inalienable rights" lacks an arguable basis in law or fact.

Finally, to the extent Plaintiff is attempting to assert a claim for forgery, this Court does not have jurisdiction over that claim because it is a state-law claim. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1331 cannot be satisfied here because state-law claims such as a forgery claim do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights. Section 1332 also cannot be satisfied here because Plaintiff and Defendants are both citizens of Ohio. Because Plaintiff's Amended Complaint provides no basis for federal jurisdiction, this Court must dismiss this action.

**III.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing any state-law claims in state court.

**<u>PROCEDURE ON OBJECTIONS</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE