**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTUAN BURRESS-EL,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action 2:18-CV-98** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **JOHN BORN,** *et al.*, | : | **Magistrate Judge Vascura** |
| | : | |
| **Defendants.** | : | |
| | : | |

## OPINION & ORDER

This matter is before the Court for consideration of the United States Magistrate Judge's Report and Recommendation (ECF No. 4) recommending that the Court dismiss Plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3). In response to the Report and Recommendation, Plaintiff filed four notices within the 14-day statutory timeframe allowed by the Court to file objections. (ECF Nos. 7-10). Plaintiff also filed an amended notice, Motion for Default Judgment and/or Objection, and amended Motion after the statutory timeframe allowed by the Court to file objections. (ECF Nos. 11-13).

For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **OVERRULES** Plaintiff's Objections (ECF Nos. 7-10), **DENIES AS MOOT** Plaintiff's amended Notice, Motion for Default Judgment and/or Objection and amended Motion (ECF Nos. 11-13), and declares Plaintiff a vexatious litigator.

# I.     BACKGROUND

Plaintiff Antuan Burress-El seeks to bring action against officials at the Ohio Department of Public Safety and the Ohio Bureau of Motor Vehicles. (ECF No. 4 at 4). He describes the cause of action as "Forgery [Deprivation of Inalienable Rights]." (ECF No. 2 at 3).

## A.     The Report and Recommendation

At the outset of this litigation, Mr. Burress-El moved to proceed *in forma pauperis*. (ECF No. 4 at 1). On February 12, 2018, the Magistrate Judge issued a Report and Recommendation holding that Mr. Burress-El should be permitted to proceed *in forma pauperis*, but recommending that the case should nevertheless be dismissed. (ECF No. 4 at 1). The Report and Recommendation offered the following reasons for the suggested disposition: First, the Amended Complaint provided insufficient factual content or context to allow a Court reasonably to infer that Defendants violated Plaintiff's rights, failing to satisfy the pleading requirements in Federal Rule of Civil Procedure 8(a) (ECF No. 4 at 5). Second, the allegations in the Amended Complaint were "so nonsensical as to render [the] Amended Complaint frivolous." (*Id.*). Finally, the Court does not have jurisdiction because forgery is a state law claim and the parties do not meet the requirements for diversity jurisdiction. (*Id.*).

## B.     Plaintiff's Objections

On February 26, 2018, Mr. Buress-El filed four objections to the Magistrate Judge's Report and Recommendation. They are styled as "notice: jurisdiction" (ECF No. 7), "notice: venue" (ECF No. 8), "notice: signature" (ECF No. 9), and "notice: 'right to pursue a claim.'" (ECF No. 10).

# II.     STANDARD OF REVIEW

For the Report and Recommendation, the Magistrate Judge screened Plaintiff's Complaint to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or

any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If a party objects within the timeframe allotted in the Magistrate Judge's Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After such determination, the Court "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *See also* Federal Rule of Civil Procedure 72(b).

### III.   ANALYSIS

#### A.   Plaintiff's Objections

A *pro se* party's pleadings must be construed liberally and are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Mr. Burress-El's filings (ECF Nos. 7-10) therefore will be construed as objections to the Magistrate Judge's Report and Recommendation. Even so, none of the filings responds to the deficiencies the Magistrate Judge correctly identified in Mr. Burress-El's complaint. In short: Mr. Burress-El does not state a claim, but to the extent he did, it is frivolous, and to the extent it could be construed as non-frivolous, this Court lacks jurisdiction to adjudicate the matter. His complaint must be **DISMISSED**.

#### B.   Plaintiff's Prior Lawsuit Filings

On April 12, 2018, a United States Magistrate Judge wrote a Report and Recommendation recommending that Plaintiff's complaint in a separate lawsuit be dismissed with prejudice. *Burress-El v. Kelley*, 2018 WL 2716315 at *3 (S.D. OH Apr. 12, 2018). Citing four prior lawsuits filed in this Court and two additional lawsuits under the name "Antuan L. Burress", the Magistrate

Judge noted that virtually all of the lawsuits were dismissed at the screening level. *Id*. at *1 n.1. In addition, the Magistrate Judge found that Plaintiff presented similar claims in several of his prior lawsuits. *Id*. at *2 n.3.

The Magistrate Judge's Report and Recommendation warned Mr. Burress-El that additional attempts to file similar lawsuits will not only be summarily dismissed at the screening level but may invite sanctions from this Court if deemed to be vexatious. *Id.* at *3. The United States District Judge reviewing the Report and Recommendation adopted the Magistrate Judge's recommendations, including the warning to Plaintiff. *Burress-El v. Kelley*, 2018 WL 2688437 at *1 (S.D. OH June 5, 2018).

This Court will first determine whether Mr. Burress-El's conduct is vexatious. A party's right of access to the Court is not absolute or unconditional. *In re Moncier*, 488 Fed.Appx. 57 (6th Cir. 2012). Litigants who continually file frivolous lawsuits pertaining to the same matter can be deemed a vexatious litigator and can be subject to "pre-filing restrictions" for future lawsuits. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Courts have the discretion to "prevent a *pro se* litigant from filing an *in forma pauperis* complaint where such a litigant has a long track record of filing frivolous suits." *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Plaintiff has repeatedly brought actions in this Court, each time alleging § 1983 claims against various defendants, all of which were either dismissed after screening or have a pending Report and Recommendation recommending dismissal after screening. These actions include:

- *Burress v. Hamilton County*, *et al*., 1:14-cv-390 (complaint alleging § 1983 claims against Defendants Hamilton County, James Engelhardt, James Zieverink, Anthony Carter, and Simon L. Leis, Jr., that was dismissed with prejudice after screening);

- *Burress v. Hamilton County, et al*., 1:14-cv-391 (complaint alleging § 1983 claims against Defendants Hamilton County Office of Child Support Enforcement, Hamilton

County Juvenile Courts, Ohio Department of Jobs and Family Services, Summit Behavioral Hospital, Ohio Bureau of Motor Vehicles, Hamilton County Jobs and Family Services, and the State of Ohio that was dismissed with prejudice after screening);

- *Burress-El v. Shabazz, et al.*, 1:17-cv-866 (complaint alleging § 1983 claims against Defendants Ayesha Shabazz and Nanci Brocker for which a Report and Recommendation suggesting dismissal with prejudice is currently pending);

- *Burress-El v. Hamilton County Juvenile Courts*, *et al.*, 1:18-cv-40 (complaint alleging § 1983 claims against Defendants Hamilton County Juvenile Courts for which a Report and Recommendation suggesting dismissal with prejudice is currently pending); and,

- *Burress-El v. Kelly, et al.*, 1:18-cv-254 (complaint alleging § 1983 claims against Defendants David Kelley and Melissa Powers that was dismissed with prejudice after screening and resulted in a warning that "additional attempts to file similar lawsuits will not only be summarily dismissed at the screening level, but may invite sanctions from the Court if deemed vexatious).

Although the ability to file *in forma pauperis* is an important tool to ensure equal access to justice, it must also be noted that  "litigant[s] whose filing fees and court costs are assumed by the public, lack an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  In considering the above litany of actions, it is evident that not only has Mr. Burress-El depleted judicial resources, but he has also repeatedly forced the public to bear the costs of his unavailing efforts to litigate. The Court thus finds that Plaintiff is a vexatious litigator.  The Court declines to assess any monetary sanctions at this juncture, but finds that pre-filing restrictions are appropriate.  *See, e.g., Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (noting that pre-filing restrictions are common in "matters with a  history of repetitive or vexatious litigation).

It is therefore hereby **ORDERED** that Mr. Burress-El is barred from filing any further actions in this Court without submitting a certification from an attorney that his claims are not frivolous, malicious, or repetitive.

## IV.    CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the case with prejudice.  Because the matter is dismissed, all other pending motions are **MOOT**. (ECF Nos. 11-13).    Further, Mr. Burress-El is declared a **VEXATIOUS LITIGATOR** and may not submit further filings with this Court without attorney certification. The Clerk's Office is hereby **DIRECTED** to reject any filings that Mr. Burress-El attempts to submit that lack such certification, with the exception of any filings Mr. Burress-El is otherwise entitled to submit in the cases still pending before the Southern District of Ohio (*Burress-El v. Shabazz, et al.*, 1:17-cv-866 and *Burress-El v. Hamilton County Juvenile Courts*, *et al.*, 1:18-cv-40).

**IT IS SO ORDERED.**


_____s/ Algenon L. Marbley_____
DATED:  October 23,  2018          **ALGENON L. MARBLEY**
                                   **UNITED STATES DISTRICT JUDGE**